LEVENSON v. JOHNSON.

(Supreme Court, Appellate Division, Second Department. November 27, 1908.)

JUDGMENT (§ 717*)—CONCLUSIVENESS—MATTERS CONCLUDED.

Where a tenant in an action to dispossess him for nonpayment of rent alleged the rendition of services for the landlord and an agreement to apply the value thereof in payment of rent, and that issue was litigated and decided against the tenant, such judgment was res judicata against a right to recover for such services in a subsequent action therefor by the tenant against the landlord.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1248–1253; Dec. Dig. § 717.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Samuel Levenson against George F. Johnson. Judgment for plaintiff, and defendant appeals. Reversed, and a new trial ordered.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

P. J. Leahon, for appellant.
Daniel T. O'Brien, for respondent.

MILLER, J. This is an appeal from a judgment in favor of the plaintiff in an action for services which plaintiff says were rendered while he was a tenant of the defendant, pursuant to an agreement with the defendant's agent that the value of said services should be applied

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on the monthly rentals. It is undisputed that the defendant, through an agent, brought a dispossess proceeding against the plaintiff, alleging nonpayment of rent; that in that proceeding the plaintiff alleged the rendition of said services and the agreement to apply the value thereof in payment of the rent; that the said issue was litigated and decided against the tenant; and that a final order was made, directing the issuance of a warrant to remove the plaintiff for nonpayment of rent.

The defendant should have prevailed in this suit on the plea of the adjudication in the dispossess proceedings. The question at issue in this suit was directly involved in that proceeding. It was litigated and decided in favor of the defendant. If the defendant was indebted to the plaintiff for services rendered, the plaintiff was entitled to offset it against the rent, irrespective of any specific agreement to that effect. It needs no citation of authority to support the proposition that an issue, once litigated between the parties, is finally settled by the judgment so long as it remains unreversed.

The judgment must be reversed.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event. All concur.